UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

ALBERT P. JONES

Defendant.

Criminal No. 15-113
(RCL/DAR)

FILED
SEP 28 2015
Clerk, U.S. District and
Bankruptcy Courts

MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION

## I. INTRODUCTION

Defendant is charged by indictment with unlawful possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); unlawful possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); and using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). The undersigned conducted a detention hearing on September 14, 2015. Upon consideration of the proffers and arguments of counsel, and the entire record herein, the undersigned ordered Defendant held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

## II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of

conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e); *see also United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996) (citation omitted) ("If a defendant poses a danger to society, the Court has a sufficient basis upon which to order pretrial detention.").

In instances in which pretrial detention is sought on the ground that there are no conditions of release that will reasonably assure the defendant's appearance, the government must show by a preponderance of the evidence that the defendant poses a risk of flight if released before trial. *See United States v. Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005) (citations omitted) ("[T]he [Bail Reform Act] provides for pretrial detention if the government establishes by a preponderance of the evidence that the defendant is likely to flee before trial if released and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.").

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required, and the safety of any other person and the community, the judicial officer shall take into account the available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense under

the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, for which a maximum period of incarceration of ten years or more is prescribed. 18 U.S.C. § 3142(e)(3)(A). An indictment is sufficient to establish probable cause for purposes of 18 U.S.C. § 3142(e). *See United States v. Williams*, 903 F.2d 844, 844 (D.C. Cir. 1990).

### III. DISCUSSION

Both counsel for the government and counsel for Defendant proceeded by proffer. Counsel for the government argued that Defendant is a danger to the community and should be held without bond pending trial because he was arrested for the instant offenses while on release pending sentencing in Criminal No. 13-305-14 (Sullivan, J.), in which he pled guilty to one count of Conspiracy to Distribute and Possess with the Intent to Distribute a Detectable Amount of Cocaine Base. Counsel for the government proffered that in the instant action, firearms and drugs were found in Defendant's vehicle. Finally, counsel for the government proffered that Defendant has a criminal history of violence, including involuntary manslaughter in 1998, armed robbery in 1982, and assault with intent to commit armed robbery in 1981.

Defendant, through counsel, requested that he be released to the High Intensity Supervision Program. In support of his request, Defendant's counsel proffered Defendant's post-arrest statement that he was "set up" and the drugs and the guns were not his. Moreover, Defendant argued that he generally complied with the conditions of his release in 13-305-14, and that he never missed a court appearance. Defendant further proffered that he was working two jobs at the time of the arrest and he had been tested negative for illegal drugs. Defendant also pointed out that his prior convictions arose more than 17 years ago, and he became a different person since then.

The Pretrial Services Agency confirmed that Defendant had been tested negative for illegal substances since he was placed under its supervision. The Agency proffered that Defendant missed a total of five reported check-ins, and it recommended the removal of Defendant from his Pretrial Services program at the status hearing held before Judge Sullivan on September 10, 2015.

## IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated in the Bail Reform Act of 1984, 18 U.S.C. § 3142(g), the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. The undersigned further finds that the information proffered on behalf of Defendant is sufficient to rebut the applicable presumption of fugitivity, but not the applicable presumption of dangerousness.

First, the nature and circumstances of the offense charged weight in favor of pretrial detention. A grand jury found probable cause that Defendant committed unlawful possession of heroin with intent to distribute; unlawful possession of cocaine base with intent to distribute; unlawful possession of a firearm by a convicted felon; and using, carrying, and possessing a firearm during a drug trafficking offense.

Second, the undersigned finds that the weight of the evidence against Defendant is compelling. The cocaine base, heroin, and .45 caliber semi-automatic pistol with ammunition were found in the Defendant's vehicle and he was the only person present with a key to that vehicle.

Third, Defendant's history and characteristics weigh in favor of pretrial detention. According to information provided by the Pretrial Services Agency, Defendant was on release

pending sentencing for another drug offense at the time of the alleged offense, and was in marginal compliance with the conditions of release. Additionally, according to the government's proffer, Defendant had a prior history of violent crimes, including voluntary manslaughter, armed robbery, and assault.

Finally, the undersigned finds that the toll which drug trafficking and use of firearms in drug trafficking have taken, and continue to take upon, this community is well-documented and need not be repeated here. The evidence of Defendant's possession of quantities of heroin, cocaine base, firearms, and ammunition demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision at this time.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the September 14, 2015 Order of Detention.

_____
DEBORAH A. ROBINSON
United States Magistrate Judge

September 28, 2015
DATE

September 14, 2015
NUNC PRO TUNC